# LINDBOM and JOHNSTON v OFFICE OF COMPTROLLER, DEPARTMENT OF LOTTERY, et al.

Case No. 88-1176

State of Florida, Division of Administrative Hearings

June 9, 1988

## APPEARANCES OF COUNSEL

**Lawrence R. Lindbom** and **Donald Johnston**, *pro se*

**Jo Ann Levin,** Senior Attorney, for respondent, Office of the Comptroller.

**Chriss Walker,** for respondent, Department of Health and Rehabilitative Services.

**Thomas A. Bell,** for respondent, Department of the Lottery.

## OPINION OF THE COURT

MICHAEL M. PARRISH, Hearing Officer.

### RECOMMENDED ORDER

Pursuant to notice, a formal hearing was conducted in this case on May 13, 1988, at Tallahassee, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings.

### ISSUES AND INTRODUCTION

The issue in this case concerns the application of Section 24.115(4), Florida Statutes, to a claim for payment of a $5,000.00 lottery prize where the winning lottery ticket was purchased by two individuals, one of whom has a substantial court-ordered child support arrearage, one of whom does not, and the prize claim form is submitted by the individual who owes child support. The Petitioners contend that only half of the prize should be subject to the outstanding child support debt. The Respondents contend that the entire prize should be subject to the outstanding child support debt.

Shortly after the filing of the request for hearing in this case, the Office of the Comptroller filed a Motion To Join Indispensable Parties, by means of which it sought to join the Department of the Lottery and the Department of Health and Rehabilitative Services as parties to this case. Both of the last-mentioned agencies agreed to being joined as parties and neither Petitioner objected to the joinder. Accordingly, the Department of the Lottery and the Department of Health and Rehabilitative Services were joined as parties respondent.

At the hearing both Petitioners testified and also offered exhibits. The Respondents presented the testimony of several witnesses and also offered several exhibits. At the conclusion of the hearing, the parties were allowed ten days within which to submit proposed recommended orders. All parties filed post-hearing submissions containing proposed findings of fact. All proposed findings of fact are specifically addressed in the appendix to this recommended order.

### FINDINGS OF FACT

Based on the testimony of the witnesses and the exhibits received in evidence at the hearing, I make the following findings of fact.

1. Shortly after the Florida Department of the Lottery began selling lottery tickets, the two Petitioners, Lawrence R. Lindbom and Donald Johnston, began the regular practice of buying lottery tickets together.

They agreed that they would make equal contributions to the cost of the lottery tickets and that they would share equally in the proceeds of any lottery prizes resulting from their co-purchased lottery tickets.

2. On January 26, 1988, consistent with the foregoing agreement, Petitioner Lindbom purchased four instant game lottery tickets. Petitioner Johnston had contributed funds to pay half of the cost of the four tickets. Lindbom retained two of the tickets and gave the other two tickets to Johnston. At Johnston's place of employment, Lindbom scratched the two lottery tickets he had retained. One of the two was a $5,000.00 winning ticket.

3. At the suggestion of some third party, Lindbom wrote his name on the winning ticket. He then showed the ticket to Johnston, and the other people present congratulated the two of them on their good fortune. The two Petitioners agreed that Lindbom would submit the ticket for payment in both of their names.

4. On January 27, 1988, Lindbom traveled to the Jacksonville District Office of the Department of the Lottery, where he inquired about filling out a claim form in two names. He also inquired as to whether any money would be deducted from the prize. Upon being advised that only one name could be placed on the claim form and that no money would be deducted from the prize, Petitioner Lindbom called Petitioner Johnston to advise him of what he had been told at the Jacksonville District Office. Johnston told Lindbom to go ahead and file the claim in Lindbom's name and they would split the prize when it was received. Thereupon, Petitioner Lindbom filled out a Florida Lottery Winner Claim Form. The information he placed on the claim form included information about the lottery ticket and Lindbom's name, address, telephone number, and social security number. At the bottom of the claim form, Lindbom signed a printed statement reading as follows, in pertinent part. "Under penalty of law, I swear that to the best of my knowledge and belief, the name, address, and social security number correctly identify me as the recipient of this payment."

5. The claim form and winning ticket were submitted to the Tallahassee office of the Department of the Lottery for validation and payment in accordance with that Department's procedures.

6. The Department of the Lottery provided the Department of Health and Rehabilitative Services a list of $5,000.00 winners which contained the name of Lawrence Lindbom. DHRS determined from its records that there was an arrearage in child support payment by Lawrence Lindbom in the amount of $12,014.65.

252

7. On February 1, 1988, DHRS certified the child support arrearage to the Department of the Lottery in accordance with Section 24.115(4), Florida Statutes (1987). On February 5, 1988, the Department of the Lottery forwarded the entire $5,000.00 claimed by Lindbom to the Office of the Comptroller of the State of Florida. On February 8, 1988, the Office of the Comptroller notified Lindbom by certified mail of its intention to apply the entire $5,000.00 prize toward Lindbom's unpaid court-ordered child support, with the result that no payment would be made to Lindbom. Following receipt of the letter from the Office of the Comptroller, Lindbom and Johnston jointly wrote a letter to the Comptroller protesting the proposed disposition of the prize and requesting a hearing.

8. At all times material to this case, the Department of the Lottery had in effect Rule No. 53ER87-43, F.A.C. titled "Procedure for awarding prizes." That rule reads as follows, in pertinent part:

(6) Until such time as a name is imprinted or placed upon the back portion of the lottery ticket in the designated area a lottery ticket shall be owned by the physical possessor of such ticket. When a name is placed on the rear of the ticket in the designated place, the person whose name appears in that area shall be the owner of the ticket and shall be entitled to any prize attributable thereto.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact and on the applicable legal principles, I made the following conclusions of law.

1. The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to this proceeding. Section 120.57(1), Fla. Stat.

2. Section 24.105(10)(e), Florida Statutes (1987), authorizes the Department of the Lottery to adopt rules regarding "[t]he manner of payment of prizes to holders of winning tickets," and Section 24.115(1), Florida Statutes (1987), provides, inter alia, that "[t]he department shall promulgate rules to establish a system of verifying the validity of tickets claimed to win prizes and to effect payment of such prizes . . ."

3. Section 24.115(4), Florida Statutes (1987), reads as follows:

(4) It is the responsibility of the appropriate state agency and of the judicial branch to identify to the department, in the form and format prescribed by the department, persons owing an outstanding debt to any state agency or owing child support collected through a court.

**253**

Prior to the payment of a prize of $600 or more to any *claimant* having such an outstanding obligation, the department may transmit the prize money to the Comptroller who may authorize payment of the balance to the prize winner after deduction of the debt. If a prize winner owes multiple debts subject to offset under this subsection and the prize is insufficient to cover all such debts, the amount of the prize shall be applied in the manner that the Comptroller deems appropriate. (emphasis added)

4. The Petitioners and the Respondents have all addressed argument to the issue of who is the "owner" of the lottery ticket that was presented for payment by Petitioner Lindbom. Ownership of the ticket does not need to be resolved in order to resolve the application of Section 24.115(4), Florida Statutes (1987), to the facts of this case. Petitioner Lindbom was indisputably the "claimant" of the subject prize and Petitioner Lindbom had an outstanding debt for child support collected through a court. The provisions of the statute impact on "any *claimant* having such an outstanding obligation." And the statute goes on to provide that the Comptroller can authorize payment of the balance to the prize winner only "after deduction of the debt." Here the "claimant's" debt is greater than the prize, so there is no balance to be paid to the prize winner.

5. While it does not appear to be necessary to address the issue of ownership of the lottery ticket to resolve the ultimate issue in this case, if ticket ownership were to appear to be material, it would be resolved by subsection (6) of Rule No. 53ER87-43, F.A.C. Pursuant to that rule provision, Petitioner Lindbom became the owner of the ticket as soon as he placed his name on the ticket. But regardless of his status as owner, his status as "claimant" invoked the provisions of Section 24.115(4), Florida Statutes (1987), and the price would be subject to his entire debt even if he were to be determined to be only a half-owner or not an owner at all.

## RECOMMENDATION

For all of the foregoing reasons, it is recommended that the Office of the Comptroller issue a final order in this case providing for payment to the Department of Health and Rehabilitative Services of the entire $5,000.00 prize originally claimed by Petitioner Lindbom.

DONE AND ENTERED this 9th day of June, 1988, at Tallahassee, Florida.